IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVEON DOMINIQUE ANDERSON, #07559-479, | § § § § | |
| Movant, | § § | |
| v. | § § § | No. 3:21-CV-02421-K<br>No. 3:14-CR-00340-K-9 |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, Treveon Dominque Anderson's (Movant) *Motion to Re-Open Initial 2255 Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to Fed. R. Civ. P. 60(b)(1)* (Doc. 32) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255, opened as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. Movant's *Motion to Expedite the Fed. R. Civ. P. 60(b)(1) Proceeding* (Doc. 33) is **DENIED** as moot.

### I.   BACKGROUND

Movant initiated this federal habeas action by filing a § 2255 motion dated September 28, 2021. *See* Doc. 2.  On February 14, 2023, the Court denied the § 2255 motion with prejudice on the merits and denied a certificate of appealability.  *See* Docs.

19-20. Following the denial of his § 2255 motion, Movant filed a notice of appeal and a motion for relief from judgment under Federal Rule of Civil Procedure 59(e). *See* Docs. 23, 27. In his Rule 59(e) motion, Movant argued that the Court failed to consider the evidence and exhibits he submitted with his reply in support of the § 2255 motion and failed to apply the applicable law or proper analysis to the alleged facts. *See generally* Doc. 27. Concluding that Movant failed to present newly discovered evidence and failed to demonstrate a manifest error of law, the Court denied the Rule 59(e) motion. *See* Doc. 29. The Fifth Circuit subsequently denied Movant a certificate of appealability. *See* Doc. 30.

By his motion received on December 4, 2023, Movant now seeks relief under Federal Rule of Civil Procedure 60(b)(1). *See* Doc. 32. He alleges that he "mistakenly believed" that the declaration for his original § 2255 motion stating that it was submitted under penalty of perjury extended to "any and all future filings made within his 2255 proceedings. . . based on the language sworn to thereunder." *Id.* at 4. He states that "based on [his] mistaken belief and/or inadvertence as a non-lawyer this Court should re-open Movant[']s 2255 application an[d] allow Movant an opportunity to procure [sic] the exhibits/evidence procedural defects and fully consider the merits of the exhibits/evidence filed in support of each of Movant[']s claims." *Id.* at 5-6.

## II. FED. R. CIV. P. 60(b)(1)

Movant filed his motion for relief from judgment pursuant to Rule 60(b)(1), under which a district court may grant relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although Rule 60(b)(1) "allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended. 'Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985); *see also Vafaiyan v. City of Wichita Falls, Tex.*, 398 F. App'x 989, 990 (5th Cir. 2010) ("Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief.") (internal citation omitted).

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the failure to reach the merits of the habeas petition or challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack, is properly filed under Rule 60(b). *See Gonzalez*, 545 U.S. at 532 & nn. 4-5; *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) ("A Rule 60(b) motion that

purports to challenge the denial of a [habeas] petition but actually attacks the underlying criminal conviction may be construed as a successive [habeas] application.").

### III.   ANALYSIS

Here, Movant alleges that he mistakenly believed the declaration under penalty of perjury on his § 2255 motion extended to all his subsequent filings in this action, and he takes issue with the Court's resolution of several of his grounds for relief based on ineffective assistance of counsel. *See* Doc. 32 at 4-5.  He complains that "the Court incorrectly determined without fully considering Movant's exhibits/evidence filed in support of his claims, that Movant[']s claims failed and denied his motion." *Id.* at 3. He also complains that the Court again "failed to consider Movant[']s exhibits/evidence filed in support to [sic] his claims" when it denied his Rule 59(e) motion. *Id.*  He posits that the Court's refusal to consider the alleged evidence and exhibits rendered its denial of his § 2255 motion and Rule 59(e) motion "'flawed' and/or 'incomplete'[.]" *Id.* at 9, 11.  According to Movant, the evidence and exhibits of which he complains substantiate certain claims raised in his § 2255 motion; he seeks to correct the procedural deficiencies of his purported evidence and for the Court to consider his claims as allegedly substantiated by same. *Id.* at 11-16.

Movant characterizes his motion in terms of mistake or inadvertence on his part with respect to the evidence he submitted in his reply to support his § 2255 claims,

and on the Court's part for requiring compliance with applicable procedural rules and law despite Movant's *pro se* status. *See id.* at 2, 4-5. Notwithstanding his characterization, his allegations attack the previous resolution on the merits of his claims to which the complained-of evidence pertain, and aim for another review of his claims on the merits. His purported Rule 60(b) motion therefore constitutes a successive § 2255 motion in disguise, and he may not bypass the limitations on second or successive habeas petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 through it. *See United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) ("motions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks."). The Court accordingly **CONSTRUES** the motion as an unauthorized successive § 2255 motion.

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction, and Movant's successive § 2255 motion is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion will be transferred.

## IV.     CONCLUSION

Movant's *Motion to Re-Open Initial 2255 Motion to Vacate, Set-Aside, or Correct Sentence Pursuant to Fed. R. Civ. P. 60(b)(1)* (Doc. 32) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

The Clerk of Court is **INSTRUCTED** to: (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas corpus action under 28 U.S.C. § 2255; (3) in that new case, docket the post-judgment motion as a § 2255 motion filed December 4, 2023; (4) directly assign the new § 2255 action to the same District Judge as in this habeas case; (5) docket a copy of this order in the new § 2255 action; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

SO ORDERED.

Signed July 8th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE