IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TREVEON DOMINIQUE ANDERSON, #07559-479, | § § § § | |
| Movant, | § § | |
| | § | No. 3:24-CV-01750-K |
| v. | § | No. 3:14-CR-00340-K-9 |
| | § | |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, Treveon Dominique Anderson's *Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)* (Doc. 19) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255 and **DISMISSED** for lack of jurisdiction. Alternatively, the motion is **DENIED** on the merits. Anderson's *Motion to Expedite Ruling on Pending Rule 60(b)(6) Motion* (Doc. 22) is **DENIED AS MOOT**.

## I. BACKGROUND

In 2023, the Court denied with prejudice Anderson's Section 2255 motion challenging his conviction and sentence in the underlying criminal proceedings and denied a certificate of appealability. *See* No. 3:21-CV-2421-K, Docs. 19-20. The Court denied Anderson's subsequent motion for relief from judgment under Federal Rule of Civil Procedure 59(e), and the United States Court of Appeals for the Fifth Circuit

("Fifth Circuit") denied Anderson's request for a certificate of appealability to appeal the denial of his Section 2255 motion. *See* No. 3:21-CV-2421-K, Docs. 27, 29-31.

Anderson then sought relief from the denial of his Section 2255 motion under Federal Rule of Civil Procedure 60(b)(1), arguing that he mistakenly believed the declaration under penalty of perjury on his Section 2255 motion extended to unverified exhibits he filed with his reply to support several of his grounds for relief, and that the Court was mistaken for requiring compliance with procedural rules and law given Anderson's *pro se* status. *See* No. 3:21-CV-2421-K, Doc. 32. Because the allegations in Anderson's Rule 60(b)(1) motion attacked the Court's previous resolution on the merits of several of his claims and aimed for another review of those claims on the merits, the Court construed it as an unauthorized successive Section 2255 motion and transferred it to the Fifth Circuit; the Court also directed that the construed successive Section 2255 motion be opened in this new habeas action. *See* Doc. 1. Anderson appealed, and the Fifth Circuit dismissed the appeal as frivolous, stating that, "[r]egardless of Anderson's characterization of his motion, it did not allege a defect in the integrity of the § 2255 proceedings and instead effectively asked the district court to reconsider its merits-based denial of his claims in light of the court's refusal to consider exhibits that Anderson admittedly failed to verify due to his status as a non-lawyer." Doc. 20 at 2.

Anderson now seeks relief under Rule 60(b)(6). *See* Doc. 19. According to Anderson, "he seeks only to correct a procedural defect: the omission of the 1746

'penalty of perjury' declaration from his reply brief's certificate of service, which the Court itself noted in ruling on his Rule 59(e) motion." *Id.* at 5. He asks the Court to "accept a corrected certificate of service that includes the required declaration" and that "the corrected certificate be accepted nunc pro tunc ('now for then'), so that it relates back to the date of the original [Section 2255] reply brief filing." *Id.* at 2-3.

## II. FED. R. CIV. P. 60(b)(6)

Rule 60(b)(6) is the "catch-all" clause of Rule 60(b), and it authorizes relief from judgment for any other reason that justifies relief outside the other provisions of the rule. *See* Fed. R. Civ. P. 60(b)(6). Relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citation and internal quotation marks omitted). "Extraordinary circumstances 'will rarely occur in the habeas context.'" *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). The burden of establishing Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the considerable discretion of the Court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition.

*See Gonzalez*, 545 U.S. at 530-33; *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).  A motion that challenges the failure to reach the merits of the habeas petition or challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack, is properly filed under Rule 60(b).  *See Gonzalez*, 545 U.S. at 532 & nn. 4-5.

### III.  ANALYSIS

Here, Anderson states that "he is not raising new claims, challenging his conviction or sentence, or seeking to alter the Court's merits rulings.  He seeks only to correct a procedu[r]al defect identified by the Court itself."  Doc. 19 at 2.  The alleged procedural defect he seeks to correct, however, is the non-competent evidence he submitted in the original Section 2255 proceedings, which he also seeks to "relate[] back" to the date he filed his reply brief in those proceedings.  *Id.* at 3; *see also id.* at 5-6.

Regardless of Anderson's attempt to characterize his latest motion as challenging "a defect in the integrity of the habeas proceedings," his motion is nothing more than a veiled challenge to the Court's denial of several of his habeas claims on the merits. *Id.* at 2.  In his Rule 59(e) motion challenging the Court's denial of his Section 2255 motion, Anderson argued in part that the Court failed to consider evidence and exhibits he provided with his reply.  *See* Doc. 27.  Denying Rule 59(e) relief, the Court stated that because Anderson's reply did not comply with 28 U.S.C. § 1746, the exhibits and evidence attached to it were not competent evidence and the Court therefore was not

required to consider them in resolving the Section 2255 motion. *See* Doc. 29. Despite Anderson's allegation that he is not "seeking to alter the Court's merits rulings," by seeking to have his reply brief and attachments thereto retroactively comply with Section 1746, the clear purpose of his motion is to obtain reconsideration of the merits-denial of the claims to which his non-competent evidence relates. Doc. 19 at 2. The Court further notes that Anderson's failure to provide competent evidence for the Court to consider in evaluating the merits of his Section 2255 claims does not constitute "a defect in the integrity of the habeas proceeding." *Gonzalez*, 545 U.S. at 532. It is a failure by Anderson to show entitlement to Section 2255 relief.

To the extent Anderson's challenge leads inextricably to a merits-based attack on, and aims for another review of, the Court's resolution of the claims implicated by his unverified reply and exhibits thereto, the Rule 60(b)(6) motion constitutes another successive Section 2255 habeas motion in disguise. Anderson may not bypass the limitations on second or successive habeas petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 through it. *See United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) ("[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks."). The Court accordingly **CONSTRUES** the motion as an unauthorized successive Section 2255 motion.

Because the Fifth Circuit has not issued an order authorizing this Court to

consider a successive § 2255 motion, and given Anderson's repeated post-judgment motions and arguments, the Court **DISMISSES** the successive Section 2255 motion for lack of jurisdiction, rather than transferring it. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Alternatively, even if Anderson were able to show that his motion is not another successive Section 2255 motion in disguise, he fails to show entitlement to relief under Rule 60(b)(6). Anderson argues that the Court's construction of his Rule 60(b)(1) motion as an unauthorized successive Section 2255 motion was a "mischaracterization [that] constitutes an extraordinary circumstance justifying relief under Rule 60(b)(6) and preserves the integrity of the habeas proceedings." Doc. 19 at 5. The Fifth Circuit has addressed and rejected his argument that the Court improperly characterized his Rule 60(b)(1) motion as a successive Section 2255 motion. Doc. 20. Anderson therefore fails to carry his burden to establish the existence of extraordinary circumstances warranting relief under Rule 60(b)(6). *See Lavespere*, 910 F.2d at 173. Accordingly, to the extent the motion seeks relief under Rule 60(b)(6), the Court **DENIES** it on the merits.

## IV.  CONCLUSION

The *Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)* (Doc. 19) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C.

§ 2255 and **DISMISSED** without prejudice for lack of jurisdiction.  Alternatively, the motion is **DENIED** on the merits.

**SO ORDERED**,

**Signed June 2nd, 2026.**

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE